Ryan Thompson (#296841)
WATTS GUERRA LLP
525 South Douglas Street, Suite 260
El Segundo, California 90245
Telephone: (424) 220-8141
Facsimile: (424) 732-8190
rthompson@wattsguerra.com

*Attorneys for Plaintiffs*
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID PEARSON, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>SUMMIT RESTAURANT GROUP, LLC, SUMMIT PIZZA, INC., SUMMIT RESTAURANTS, LLC, SUMMIT INTERESTS, LLC, SUMMIT FARE, LLC, ARKANSAS PIZZA, INC. and SUMMIT PIZZA WEST, LLC<br><br>Defendants. | Case No.: 15-CV-1090-WHQ-BGS<br><br>**AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff David Pearson, individually and on behalf of all other similarly situated delivery drivers, for his Amended Complaint against Defendants, alleges as follows:

1. Defendants operate approximately 117 Pizza Hut franchise stores in California, Arkansas, Missouri and Oklahoma. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to Defendants' customers. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff David Pearson brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., to remedy wage and hour violations by Defendants, who engaged in a pervasive and unlawful scheme to deprive their employees of the protections granted them under federal wage and hour law.

**Jurisdiction and Venue**

3. The FLSA authorizes court actions by private parties to recover damages for violation of their wage and hour provisions. Jurisdiction over Plaintiff's claims is based on 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 (federal question).

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants operate Pizza Hut franchise stores in this District, Defendants employ Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

5. Defendants Summit Restaurant Group, LLC, Summit Restaurants, LLC, Summit Interests, LLC and Summit Fare, LLC are Missouri limited liability companies which, together with the other Defendants, operate a chain of Pizza Hut stores, including stores located within the Southern District of California.

6. Defendant Summit Pizza, Inc. is a Missouri corporation which, together with the other Defendants, operates a chain of Pizza Hut stores, including Pizza Hut stores located within the Southern District of California.

7. Defendant Arkansas Pizza, Inc. is an Arkansas corporation which, together with the other Defendants, operates a chain of Pizza Hut stores, including stores located within the Southern District of California.

8. Defendant Summit Pizza West, LLC is a California limited liability company which, together with the other Defendants, operates a chain of Pizza Hut stores, including stores located within the Southern District of California.

9. Defendants are liable for each other's acts and omissions because they constitute a single employer or single integrated enterprise as they share common ownership, common management, centralized control of labor relations, and interrelation of operations.

10. Alternatively, Defendants are liable for each other's acts and omissions because they constitute joint employers as they share power to hire and fire employees, share supervision and control of employee work schedules or conditions of employment, jointly determine the rate and method of payment, and jointly maintain employment records.

11. Alternatively, because the work performed by Plaintiff and all other delivery drivers simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer."

12. Plaintiff David Pearson has been employed by Defendants since approximately September 2010 as a delivery driver at their Pizza Hut store in Mira Mesa, California, which is located within the Southern District of California. Plaintiff Pearson's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) was previously filed with this Court.

## General Allegations

***Defendants' Business***

13. Defendants own and operate approximately 117 Pizza Hut franchise stores in California, Arkansas, Missouri and Oklahoma.

14. Defendants' Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

***Defendants' Flawed Reimbursement Policy***

15. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

16. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses (collectively "automobile expenses") while delivering pizzas for the primary benefit of Defendants.

17. Defendants' reimbursement policy through about Summer 2014 reimbursed drivers on a per-delivery basis, but given the average delivery distance the per-delivery reimbursement equates to a per mile rate far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applied to all of Defendants' delivery drivers.

18. Defendants' reimbursement policy since about Summer 2014 has reimbursed drivers on a per-mile, but Defendant's per mile rate is far below the

IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

19. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

20. During the applicable California limitations period, the IRS business mileage reimbursement rate has ranged between $.51 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan vehicle ranged between $.585 and $608 per mile during the same years for drivers who drive a sedan about 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

21. The Division of Labor Standards Enforcement ("DLSE"), the state agency authorized to enforce California's labor laws, accepts the IRS business mileage reimbursement rate as the reasonable per-mile cost of driving a vehicle. *See* DLSE Opinion Letter No. 1994.09.14, p. 1 ("[T]he DLSE has long recognized the IRS rate for automobile reimbursement as a presumptively reasonable rate.").

22. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and

stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

23. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

24. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and their other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

25. Defendants fails to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

26. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

27. Regardless of the precise amount of the per-delivery or per-mile reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

28. Plaintiff has been paid exactly the California minimum wage per hour during his employment with Defendants.

29. The federal minimum wage has been $7.25 per hour since July 24, 2009.

29. Plaintiff has driven a 2012 Chevrolet Sonic while delivering pizzas for Defendants.

30. Until about Summer 2014, the per-delivery reimbursement rate at the store where Plaintiff worked was approximately $1.10 per delivery.

31. During his employment with Defendants, Plaintiff has experienced an average delivery distance of approximately 5 miles per delivery.

32. Thus, until about Summer 2014, Defendants' average effective reimbursement rate for Plaintiff has been approximately $0.22 ($1.10 per delivery / 5 miles per delivery).

33. In 2014, the IRS business mileage reimbursement rate was $.56 per mile, which reasonably approximates the automobile expenses incurred delivering pizzas. Using the IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by approximately $.34 ($.56 - $.22) per mile. Considering Plaintiff's estimate of about 5 miles per delivery, Defendants have under-reimbursed him about $1.70 per delivery ($.34 x 5 miles).

34. During his employment by Defendants, Plaintiff has typically averaged approximately 2 deliveries per hour.

35. Thus, until approximately Summer 2014, Plaintiff has consistently "kicked back" to Defendants approximately $3.40 per hour ($1.70 per delivery x 2 deliveries per hour), for an effective hourly wage rate until about Summer 2014 of about $5.60 ($9.00 per hour - $3.40 kickback).

36. Since about Summer 2014, the per mile reimbursement rate at the store where Plaintiff worked has been approximately $.38.

37. Currently, the IRS business mileage reimbursement rate is $.575 per mile, which reasonably approximates the automobile expenses incurred delivering pizzas. Using this IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by approximately $.195 ($.575 - $.38) per mile. Considering Plaintiff's estimate of

about 5 miles per delivery, Defendants have under-reimbursed him about $.975 per delivery ($.195 x 5 miles).

38. Thus, since approximately Summer 2014, Plaintiff has consistently "kicked back" to Defendants approximately $1.95 per hour ($.975 per delivery x 2 deliveries per hour), for an effective hourly wage rate since about Summer 2014 of about $7.05 ($9.00 per hour - $1.95 kickback).

39. All of Defendants' delivery drivers have similar experiences to those of Plaintiff. They are subject to the same reimbursement policy; receive similar reimbursements; incur similar automobile expenses; complete deliveries of similar distances and at similar frequencies; and are paid at or near the federal or state minimum wage before deducting unreimbursed business expenses.

40. Because Defendants pay their drivers a gross hourly wage at precisely, or at least very close to, the applicable federal or state minimum wage, and because the delivery drivers incur unreimbursed automobile expenses, the delivery drivers "kick back" to Defendants an amount sufficient to cause minimum wage violations.

41. While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Pizza Hut stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

42. Defendants' low reimbursement rates have been a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants have continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

43. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

**Collective Action Allegations**

44. Plaintiff brings the FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers, who may opt-in to this case under 29 U.S.C. § 216(b).

45. Plaintiff, individually and on behalf of other similarly situated drivers, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal and state minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

46. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;
b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;
c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;
d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;
e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;
f. They were subject to the same pay policies and practices of Defendants;
g. They were subject to the same delivery driver reimbursement policies that unreasonably underestimate automobile expenses per

mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. Until about Summer 2014, they were reimbursed similar set amounts of automobile expenses per delivery;

i. Since about Summer 2015, they have been reimbursed similar amounts per-mile; and

j. They were paid at or near the applicable federal or state minimum wage before deducting unreimbursed business expenses.

**Count I: Violation of the Fair Labor Standards Act of 1938**

47. Plaintiff reasserts and re-alleges the allegations set forth above.

48. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

49. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

50. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

51. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

52. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

53. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

54. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

55. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and other similarly situated employees.

56. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

57. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiffs join this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

58. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

59. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

DATED: September 30, 2015

Respectfully submitted,

**PAUL McINNES LLP**
/s/ *Richard M. Paul III*
Richard M. Paul III
(admitted *pro hac vice*)
Jack D. McInnes
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 981-8100
Facsimile: (816) 981-8101
paul@paulmcinnes.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(admitted *pro hac vice*)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com

**WATTS GUERRA LLP**
Ryan Thompson
525 South Douglas St., Suite 260
El Segundo, California 90245
Telephone: (424) 220-8141
Facsimile: (424) 732-8190
rthompson@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served via the Court's electronic filing system on September 30, 2015 which sent notice to all parties of record.

/s/ *Richard M. Paul III*